[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10419
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60237-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO MARQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 1, 2018)

Before JULIE CARNES, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Alfonso Marquez appeals his within-guideline sentence of four months'
incarceration, to be followed by three years' supervised release, after he pleaded
guilty to presenting a false statement in an immigration application.  On appeal,
Marquez asserts that the district court's sentence is substantively unreasonable
because the court failed to consider his lack of criminal history and the fact that he
accepted responsibility.  After careful review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-
discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We will
reverse only if "left with the definite and firm conviction that the district court
committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors
by arriving at a sentence that lies outside the range of reasonable sentences dictated
by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir.
2010) (*en banc*).

A district court abuses its discretion when it (1) fails to consider relevant
factors that were due significant weight, (2) gives an improper or irrelevant factor
significant weight, or (3) commits a clear error of judgment by balancing the
proper factors unreasonably.  *Id.* at 1189.  The district court must impose a
sentence "sufficient, but not greater than necessary, to comply with the purposes"
listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the
offense, promote respect for the law, provide just punishment, deter criminal

conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1), (3)–(5).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The court may give greater weight to one factor over others. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). A sentence imposed well below the statutory maximum penalty is an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Additionally, while we have declined to adopt a formal presumption of reasonableness as to sentences within the guidelines range, we ordinarily expect the district court's decision to impose a within-guideline sentence to be reasonable. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009).

Here, the district court indicated that it considered the § 3553(a) factors, Marquez had already received a reduction to his base offense level for acceptance of responsibility, and the guideline range already incorporated Marquez's lack of criminal history. It was within the court's discretion to give more weight to the nature and circumstances and the seriousness of the offense than to Marquez's

3

history and characteristics.  *See Dougherty*, 754 F.3d at 1361.  Therefore, the

district court's four-month sentence—which was at the low-end of guideline

range—was substantively reasonable in light of the record and § 3553(a) factors,

specifically the nature and circumstances of the offense and the need for the

sentence to reflect the seriousness of the offense.

　　**AFFIRMED.**